IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RASHEED ABDUL-RAHMAN RAJAH, | ) | CASE NO. 7:19CV00526 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Rasheed Abdul-Rahman Rajah, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that an officer made offensive comments and gestures towards him. After review of the record, the court concludes that the action must be summarily dismissed.

I.

Rajah, an inmate in the restricted housing unit at Keen Mountain Correctional Center ("Keen Mountain"), alleges the following sequence of events related to his § 1983 claims. On November 25, 2018, Rajah was washing himself in preparation for his afternoon "Salat Prayers." Compl. 2, ECF No. 1-1. Three officers approached his door, and Officer T. McCowan knocked and asked Rajah "what exactly" he was doing. Id. at 3. Rajah answered, "I'm naked washing up." Id. McCowan said, "I need to see you cleary [sic]," so Rajah moved to stand in front of the toilet holding a washcloth over his genitals. Id. McCowan then opened the tray slot cover in the cell door, stuck his arm into the cell, and "attempted to grab [Rajah's] genitals." Id. Rajah jumped backwards, grabbed his clothes, and dressed. McCowan "snatche[d] the paper off [Rajah's] window and close[d] the tray slot." Id. Rajah asked the officer for his name, and

McCowan answered, "Call me Daddy." Id. He then said that he did not "speak African," and that if Rajah cut off his beard, he "would make a pretty little N***** Bitch." Id. Rajah asked to speak to "the officer in charge." Id. McCowan said that he "should handcuff [Rajah] to the bed and teach [him] some manners and that "you Muslims should keep your Asses in Saudi[] Arabia." Id. On February 11, 2019, Rajah noticed McCowan "staring at [him] thru the glass hallway window licking his lips while smiling." Id. at 5.

Rajah filed complaints about McCowan's racial and sexual comments and gestures, which Rajah believed to be violations of prison policy. However, investigators accused Rajah of complaining about nothing and took no action.

In his § 1983 complaint, Rajah names McCowan, the warden of Keen Mountain, and the director of the Virginia Department of Corrections ("VDOC") as defendants. Rajah contends that McCowan's actions violated his constitutional rights and that the warden and the director failed to prevent McCowan's further misbehavior after being notified of his past actions. Rajah claims that McCowan's conduct has aggravated his mental health problems. As relief, he seeks monetary damages and preliminary and permanent injunctive relief.

II.

The court must dismiss any action filed by a prisoner against a governmental entity or officer if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim. Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). Mere words alone, however offensive or disrespectful, do not state any constitutional claim. Carter v. Morris, 164 F.3d 215, 219 n. 3 (4th Cir. 1999) (finding that officers' alleged use of "racial

2

epithets" toward plaintiff did not "by itself rise to the level of a constitutional violation"); Keyes v. City of Albany, 594 F. Supp. 1147, 1155-56 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim" or support claim of race discrimination).

Rajah's allegations describe comments and gestures by McCowan, nothing more. While such racially and sexually offensive remarks are disrespectful and disturbing if true, and highly unprofessional, they are not sufficient to form the factual basis of an actionable constitutional claim of any sort. Such actions may violate VDOC procedures. Allegations that defendants failed to follow their own policies or procedures, however, do not amount to constitutional violations. United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state official's failure to abide by that law is not federal issue).

A claim may be dismissed as frivolous if it is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (applying earlier version of 28 U.S.C. § 1915(d) regarding dismissal of claim as frivolous). For the stated reasons, the court concludes that Rajah's claims here fall squarely within this category and must be summarily dismissed, pursuant to § 1915A(b)(1), as frivolous. An appropriate order will issue herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 12th day of August, 2019.

*[signature]*

Senior United States District Judge

3